# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| DANIELLE BACKES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:13-cv-04217-NKL |
| ) | |
| WALGREEN, CO., et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff Danielle Backes brings this lawsuit against Walgreen, Co. and Nick Price alleging workplace sexual harassment and negligence per se based on violations of Title VII and the Missouri Human Rights Act (MHRA) – Counts I and II, respectively. Before the Court are Defendants' Motion for Partial Judgment on the Pleadings, [Doc. 34], and Backes' Motion for Leave to Amend her Pleadings, [Doc. 46]. Defendant Price seeks judgment on the pleadings on the Title VII claims against him in Count I. Both Defendants seek judgment on the pleadings on Count II. Backes seeks to amend her Complaint to add additional facts to Counts I and II and to add a retaliation claim as Count III. For the reasons set forth below, Defendants' Motion for Partial Judgment on the Pleadings is GRANTED. Backes' Motion for Leave to Amend her Pleadings is GRANTED in part and DENIED in part.

I. **Background**

Backes alleges that shortly after she began employment with Walgreens, Price repeatedly asked her out for drinks, called her on her personal phone before and after

1

business hours, and conducted a five hour employment review at a restaurant and bar while consuming approximately eight alcoholic beverages. After Backes' rebuffed Price's advances on multiple occasions, Price began yelling at her and speaking to her in a belittling way about her job performance in front of customers and employees. Shortly thereafter, Backes noticed Price's attendance at the store began to wane and that he smelled like alcohol while at work. Backes contacted Walgreens' Loss Prevention Department and complained about his attendance, drinking, sexual advances, and his behavior after she rebuffed his advances. Backes assisted in an investigation and when the investigation ended, Backes was asked to take a demotion and to relocate to another store. Price received a written reprimand.

Backes' Complaint originally alleged five counts against Defendants: workplace sexual harassment, negligence per se based on violations of Title VII and the MHRA, negligence, prima facie tort, and negligent infliction of emotional distress – Counts I-V, respectively. [Doc. 1-1]. Defendants sought dismissal of Count I because it failed to state a legal basis for the claim, or alternatively, because Title VII and the MHRA include comprehensive remedial schemes that completely comprehend and envelop common law claims for sexual harassment and retaliation. Defendants sought dismissal of Counts III through V because they were common law tort claims for injuries arising out of employment and were therefore preempted by the Missouri Worker's Compensation Act (MWCA). [Doc. 7]. Backes did not respond to Defendants' Motion to Dismiss. The Court dismissed Counts III through V, concluding that the MWCA's exclusivity provision precluded Backes' common law tort claims. [Doc. 30, at p. 4]. However, the

Court declined to dismiss Count I, concluding that Count I was a statutory sexual harassment and retaliation claim under Title VII and the MHRA.[1] [Doc. 30, at p. 2-3]. Defendants then filed their Motion for Judgment on the Pleadings, [Doc. 34], and Plaintiff filed her Motion to Amend Pleadings, [Doc. 46].

II.   Discussion

### A. Defendants' Motion for Judgment on the Pleadings

"Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." *Faibisch v. Univ. of Minnesota*, 304 F.3d 797, 803 (8th Cir. 2002). All facts pleaded are accepted as true and all reasonable inferences from the pleadings are granted in favor of the non-moving party. *Id*. The same standard used to evaluate a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is used in evaluating a motion for judgment on the pleadings. *Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

#### 1.   Title VII Claims Against Price in Count I

Count I of the Complaint alleges "workplace sexual harassment" in violation of both Title VII and the MHRA. Price argues dismissal of Backes' Title VII claims against him in Count I is appropriate because individuals are not liable for violations of Title VII. [Doc. 35, at p. 4]. Under Title VII, "[i]t shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to

---

[1] Defendants argued Count I was a common law sexual harassment claim, and Count II was a Title VII and MHRA statutory claim. Defendants argued the statutory claims in Count II were the comprehensive remedy for Backes' sexual harassment claims and therefore, Count I should be dismissed as preempted by Title VII and the MHRA. The Court concluded Count II, titled "Negligence Per Se," was a common law negligence per se claim based on violations of Title VII and the MHRA, and Count I was a statutory claim under Title VII and the MHRA.

3

discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex[.]" 42 U.S.C.A. § 2000e-2.  Individual employees, including supervisors, are not personally liable under Title VII.  *Spencer v. Ripley Cnty. State Bank*, 123 F.3d 690, 691-92 (8th Cir. 1997) (affirming the district court's dismissal of a bank teller's Title VII claims against the bank president); *Schoffstall v. Henderson*, 223 F.3d 818, 821 n. 2 (8th Cir. 2000).  Backes does not dispute that "Title VII's definition of 'employer' [does] not include" Price, but argues that judgment on the pleadings on Count I is inappropriate because Count I also alleges a violation of the MHRA which imposes individual liability on supervisors for discriminatory conduct. [Doc. 42, at p. 2].  However, Price does not request dismissal of the MHRA claims – only the Title VII claims.  [Doc. 35, at p. 3]; [Doc. 48, at p. 1-2].  As a matter of law, Price is not an employer as defined by Title VII and cannot be individually liable under Title VII.  Therefore, the Title VII claims against Price in Count I are dismissed.

### 2. Claims against both Defendants in Count II

Count II alleges Defendants are liable for negligence per se for violations of Title VII and the MHRA.  Defendants argue judgment on the pleadings of Count II is appropriate because, like Plaintiff's former Counts III through V, negligence per se is a common law tort arising out of employment and is preempted by the Missouri Workers' Compensation Act (MWCA). [Doc. 35, at p. 4].

The exclusivity provision of the MWCA provides:

> The rights and remedies herein granted to an employee shall exclude all other rights and remedies of the employee . . . at common law or otherwise, on account of such injury or death by accident or occupational disease, except such rights and remedies as are not provided for by this chapter.

Mo. Rev. Stat. § 287.120.2. Missouri courts have held that the exclusivity provision bars common law tort actions arising out of incidents covered by the MWCA, including sexual harassment and negligence. *Yount v. Davis*, 846 S.W.2d 780, 782-83 (Mo. Ct. App. 1993) (affirming dismissal of common law "intentional infliction of emotional distress" claims against employer that arose out of sexual harassment); *State ex rel. FAG Bearings Corp. v. Perigo,* 8 S.W.3d 118, 121-23 (Mo. Ct. App.1999) ("The Worker's Compensation Law is wholly substitutional in character and any rights which a plaintiff might have had at common law have been supplanted and superseded by the act, if applicable."); *St. Lawrence v. Trans World Airlines, Inc.,* 8 S.W.3d 143, 149 (Mo.Ct.App.1999) (negligent training); *Hardebeck v. Warner-Jenkinson Co., Inc.*, 108 F.Supp.2d 1062, 1064 (E.D. Mo. 2000) (intentional and negligent infliction of emotion distress arising from workplace sexual harassment). The negligence per se claim in Count II is a common law tort claim arising out of incidents covered by the MWCA.

Defendants argue Count II should be dismissed against both Walgreens and Price because MWCA immunity from common law liability for injuries arising out of employment applies to both the employer and an employee charged with carrying out the employer's duties. [Doc. 35, at p. 5]. Missouri Revised Statute section 287.120 gives an employer immunity from common law liability for breaches of the duty to provide a safe working environment, and this immunity extends to any employee charged with carrying

out the employer's duties so long as the employee does not affirmatively cause or increase his fellow employee's risk of injury. *Sexton v. Jenkins & Assocs.*, 41 S.W.2d 1, 5 (Mo. Ct. App. 2000). Backes provided no argument as to whether Price affirmatively caused or increased Backes' risk of injury and accordingly, has failed to show the MCWA only preempts claims against Walgreens under these circumstances. Accordingly, Count II is dismissed in favor of both Defendants.

Backes does not argue that her negligence per se claims are not precluded by the MWCA's exclusivity provision, but instead argues Defendants mischaracterize Count II as a common law tort claim when it "alleges violations of Title VII as well as the [MHRA]." Backes appears to argue that Count II is a statutory claim under Title VII and the MHRA and is not precluded by the MWCA. [Doc. 42, at p. 6]. The Court has already concluded that Count II is a common law negligence per se claim while Count I is a statutory claim under Title VII and the MHRA. [Doc. 30, at p. 2-3]. Count II is titled "Negligence Per Se" and alleges the elements of a common law negligence per se claim. [Doc. 1-1, at p. 9]. Under Missouri law, a plaintiff must prove four elements to establish a negligence per se claim:

> (1) a violation of a statute or ordinance; (2) the injured party must be within the class of persons intended to be protected by the statute or ordinance; (3) the injury is of the type that the statute or ordinance was designed to protect; and (4) the violation of the statute or ordinance is the proximate cause of the injury.

*Steele v. Evenflo Co., Inc.*, 178 S.W.3d 715, 718 (Mo. Ct. App. 2005). Count II of Backes' Complaint states "[b]oth Defendants . . . violated Title VII . . . and the [MHRA]," "Backes was within the class of persons intended to be protected by Title VII

6

. . . and the [MHRA]," "the injuries . . . Backes sustained were of the nature Title VII . . . and the [MHRA] . . . were designed to protect against and/or prevent," and "Defendants' violations of Title VII . . . and the [MHRA] . . . was the direct and proximate cause of Ms. Backes' damages." [Doc. 1-1, at p. 8-9, ¶¶ 22, 24-26].

Count II pleads a common law negligence per se claim, and therefore, Backes' argument that it is a statutory claim outside of the exclusivity provision of the MWCA is without merit.  Further, even if Count II was a statutory claim under Title VII and the MHRA as Backes' argues, dismissal would still be appropriate because it would be duplicative of Count I, which, although it does not mention Title VII or the MHRA, pleads facts consistent with the elements of sexual harassment and retaliation under those provisions.  Alternatively, if Count I is a common law sexual harassment claim and Count II is a statutory sexual harassment claim under Title VII and the MHRA, dismissal of Count I would be necessary because Title VII and the MHRA provide a comprehensive remedial scheme that comprehends and envelops the remedies provided by common law. *See e.g., Thompson v. Greyhound Lines, Inc.*, 2013 WL 2641306 at *3-4 (E.D. Mo. 2013) (plaintiff's common law wrongful discharge claim based on the theory that she was fired for filing a discrimination complaint was preempted by the MHRA).

The Title VII claims against Price in Count I and the claims against both Defendants in Count II are dismissed.  Defendants' Motion for Judgment on the Pleadings is granted.

### B. Backes' Motion to Amend her Pleadings

After Defendants filed their Motion for Judgment on the Pleadings, Backes' filed a Motion to Amend her Pleadings. [Doc. 46]. In Counts I and II, the proposed Amended Complaint further develops facts relating to Walgreens' investigation of Backes' complaints and alleges in multiple places that Price's actions were "egregious, unacceptable, outrageous, or conscious-shocking." [Doc. 46-1]. The proposed Amended Complaint also adds a third count alleging "wrongful retaliation" in violation of Title VII and the MHRA. Defendants argue the request is untimely pursuant to the Court's Scheduling Order. [Doc. 58, at p. 2]. Defendants also contend leave to amend Count II should not be granted because the amended Count II would be dismissed for the same reasons the original Count II should be dismissed. *See supra* Part II.A.2.

Pursuant to the Court's Scheduling Order, any motion to amend the pleadings should have been filed no later than February 10, 2014. [Doc. 21, at p. 2]. Backes' Motion to Amend her Pleadings was filed March 20, 2014, and was therefore filed outside of the deadline prescribed by the Scheduling Order. "[A] motion for leave to amend filed outside the district court's Rule 16(b) scheduling order requires a showing of good cause." *Williams v. TESCO Services, Inc.*, 719 F.3d 968, 977 (8th Cir. 2013). Plaintiff has shown good cause to amend her pleadings. Backes contends that discovery led to the determination that the Plaintiff had other claims available to her. [Doc. 46, at p. 1]. Granting leave to file the Amended Complaint will not prejudice Defendants. The discovery deadline is June 10, 2014, and the dispositive motion deadline is July 10, 2014. Defendants have adequate time to conduct discovery and file dispositive motions based on the Amended Complaint.

However, leave to file the entire proposed Amended Complaint is not appropriate. Backes' proposed amendments to Count II do not cure the deficiencies in the original Count II, which make Judgment on the Pleadings appropriate. *See supra* Part II.A.2. The amendment would be futile, and therefore, Backes' Motion to Amend Count II is denied. Likewise, the amendments in Count I do not change the Court's conclusion that Nick Price is not individually liable for the Title VII claims against him in Count I. S*ee supra* Part II.A.1. Accordingly, Backes' Motion to Amend Count I is granted except as to any amended allegations alleging Price is liable under Title VII. Backes' Motion to Amend by adding Count III is granted.

### III. Conclusion

For the reasons set forth above, Defendants' Motion for Partial Judgment on the Pleadings is GRANTED. The Title VII claims against Price in Count I are dismissed. The claims against both Defendants in Count II are dismissed. Backes' Motion for Leave to Amend her Pleadings is GRANTED as to Count I except as to any amendments alleging Price is individually liable under Title VII, DENIED as to Count II, and GRANTED as to Count III.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: April 25, 2014
Jefferson City, Missouri